```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA
                     Norfolk Division


- - - - - - - - - - - - - - - - - -
                                    )
UNITED STATES OF AMERICA,           )
                                    )
v.                                  )   CRIMINAL ACTION NO.
                                    )   2:25cr105
                                    )
RODNEY THORNTON and TROY DAVIS      )
III,                                )
                                    )
          Defendants.               )
- - - - - - - - - - - - - - - - - -


               TRANSCRIPT OF PROCEEDINGS

                   (Initial appearance)

                    Norfolk, Virginia

                   September 3, 2025


BEFORE:
          THE HONORABLE ROBERT J. KRASK
          United States Magistrate Judge


APPEARANCES:


          UNITED STATES ATTORNEY'S OFFICE
          By:  Sherrie Capotosto
               Assistant United States Attorney
               Counsel for the United States


          FEDERAL PUBLIC DEFENDER'S OFFICE
          By:  Virginia Bare
               Assistant Federal Public Defender
               Counsel for Defendant Thornton
```

JODY A. STEWART, Official Court Reporter

```
 1              (Hearing commenced at 2:38 p.m.)
 2              THE CLERK:  United States of America versus Rodney
 3   Thornton, case 2:25cr105.
 4              Is the government ready to proceed?
 5              MS. CAPOTOSTO:  United States is ready.
 6              Good afternoon, Your Honor.
 7              THE COURT:  Good afternoon.
 8              And do we have Mr. Davis as well?  Is he here?  We
 9   can probably do them both at the same time, if that's
10   agreeable with you, Marshal?
11              THE MARSHAL:  Certainly.
12              THE COURT:  If you will come to counsel's table as
13   well.  Just slide over.
14              THE CLERK:  United States of America versus Troy
15   Davis III, case 2:25cr105.
16              Is the government ready to proceed?
17              MS. CAPOTOSTO:  The United States is ready.
18              THE COURT:  Good afternoon.  Are you Rodney
19   Thornton?
20              DEFENDANT THORNTON:  Yes.
21              THE COURT:  And are you Troy Davis III?
22              DEFENDANT DAVIS:  Yes, sir.
23              THE COURT:  All right.  I'm going to ask you both
24   to speak up.  You are before the Court today because you've
25   both been indicted by a Federal Grand Jury on August 21st,
```

1   2025.  Have you received a redacted copy of the indictment?
2           DEFENDANT DAVIS:  Yes, sir.
3           DEFENDANT THORNTON:  Yes.
4           THE COURT:  Both have, yes.  Then you are both
5   charged in the same counts except that, Mr. Davis, you are
6   charged in count 13 as well, so I'm going to just briefly
7   summarize what the charges are.
8           So you are each charged in count one with
9   unlawfully agreeing with others to commit wire and bank
10  fraud.  You are each charged in counts five and 11 with
11  committing substantive acts of wire fraud.  You are each
12  charged in counts 17 and 23 with committing bank fraud, and
13  you are each charged in count 25 with unlawfully agreeing or
14  conspiring to engage in money laundering.
15          Mr. Davis, as I've indicated, you are also charged
16  in count 13 with committing wire fraud as well.  You need to
17  know that should you be convicted of one or more of these
18  offenses, that the United States seeks to forfeit certain
19  property from you.
20          Now, in conjunction with your appearance here in
21  federal court, you have certain rights under the
22  Constitution.  Those rights include the right to have the
23  assistance of an attorney with your case, and if you cannot
24  afford an attorney, you may request that I appoint one for
25  you.  Do you understand that, first, Mr. Thornton?

```
 1              DEFENDANT THORNTON:  Yes.
 2              THE COURT:  Mr. Davis?
 3              DEFENDANT DAVIS:  Yes, sir.
 4              THE COURT:  And do you understand also that you are
 5   not required to make any statements in connection with these
 6   charges filed against you.  If you do make statements, they
 7   may be used against you.  Mr. Thornton?
 8              DEFENDANT THORNTON:  Yes.
 9              THE COURT:  Mr. Davis?
10              DEFENDANT DAVIS:  Yes, sir.
11              THE COURT:  I have a financial affidavit with your
12   name on it, Mr. Thornton.  Did you sign this document and is
13   the information on it correct?
14              DEFENDANT THORNTON:  Yes.
15              THE COURT:  And are you requesting that I appoint a
16   lawyer to represent you?
17              DEFENDANT THORNTON:  Yes.
18              THE COURT:  Let's see if you qualify.  You do.
19   Then, is the public defender available to take this
20   appointment?
21              MS. BARE:  We are, Your Honor.
22              THE COURT:  Then I will appoint the Federal Public
23   Defender's office to represent you, Mr. Thornton.
24              Next, Mr. Davis, it appears that I have a financial
25   affidavit for you as well.  I'm holding that up.  Is this
```

1  your signature on this document?
2          DEFENDANT DAVIS:  Yes, sir.
3          THE COURT:  And is the information on this document
4  correct?
5          DEFENDANT DAVIS:  Yes.
6          THE COURT:  And are you requesting that I appoint a
7  lawyer for you as well?
8          DEFENDANT DAVIS:  Yes.
9          THE COURT:  Let me see if you qualify.  You do, and
10 I will direct that counsel be appointed for you.  The
11 clerk's office will find an attorney from our approved list
12 of attorneys, and they will assist you with your case.
13         Ms. Capotosto, what is the government's position
14 concerning bail for these two individuals?
15         MS. CAPOTOSTO:  Your Honor, we are moving for
16 detention on both.  I will take them one at a time, but I'll
17 start first by arguing to the Court that there is a serious
18 risk of flight and also certainly a risk of, perhaps,
19 witness intimidation, for the reasons I'll get to in just a
20 minute.
21         But the first defendant, Mr. Thornton, Your Honor,
22 has 34 previous felony convictions, including a possession
23 with intent to distribute narcotics in 2012.  He was on
24 probation when these alleged events occurred.  They went on
25 for approximately two years.  And this was part of a wider

group of criminal activity that was not limited to Virginia, went up and down the East Coast to Florida, and involved fraudulent schemes and obtaining people's personal identification through pretty much coercion and intimidation. If not, I think there was one event where a firearm was brandished, but getting people's personal identification and using it to get loans, rent vehicles, rent cars -- sorry, rent properties, et cetera.

So we would argue, Your Honor, that the ability actually of both defendants to engage in this behavior shows that they are good at disappearing into the community under other people's names and dates of births and Social Security numbers and getting money to fund themselves.

Neither of these individuals have worked in the past, at least with respect to Mr. Davis, in the past five years. Mr. Thornton, during the pendency of these alleged events, he was given no bond in state custody on these same charges, and then he was brought over here when those were nolle prossed.

Again, unlike the crime where you have sort of an individual who commits a crime against somebody you don't know and a rather random act, this is a crime where these individuals who are charged actually got people's personal data, know where they live, what they look like, what their dates of births, Social Security number, all that

Case 2:25-cr-00105-JKW-LRL   Document 68   Filed 09/12/25   Page 7 of 13 PageID# 102

7

information is.  So we believe they pose a risk of flight, and then, again, certainly a risk of victim witness intimidation.

Turning to Mr. Davis, he also has a previous conviction for having a concealed weapon and carrying a loaded firearm in a -- I haven't seen that before, but it seems to be in a public area.  It's worded as a town with a certain amount of population.  But it sounds like it was a loaded firearm that was concealed.

He also, during the last five years, again, I had a glance at the pretrial services report that was provided, hasn't been gainfully employed, and also he was on bond on state charges, on these state charges but then was suspected of being involved in another armed robbery with a firearm involved on August the 27th, and his bond was revoked in state court, and that was with three suspects, forced the victim to hand over his phone and give access to his mobile banking application, and then the criminals thereafter stole approximately $2,400 out of his banking account and transferred it to an unknown account.  There was some other individuals involved, and the police are still investigating.

So, Your Honor, based on those totality of circumstances, we would ask that detention hearing be granted and set for Friday, two days from now, day after

JODY A. STEWART, Official Court Reporter

```
 1  tomorrow at 2:00.
 2            THE COURT:  Do you have that, Ms. Bare?
 3            MS. BARE:  I do not.  And I (unintelligible).
 4            THE COURT:  All right.  I'm happy to hear you.
 5            MS. BARE:  Thank you, Your Honor.  This offense is
 6  not a specified offense in 18 U.S.C. 3142(f), and I'm
 7  speaking for Mr. Thornton, of course.  But it is not a
 8  specified offense, so then the standard is whether --
 9            THE COURT:  Let's back up a second.  Why isn't it a
10  crime that involves the possession or use of a firearm under
11  (f)(1)(E)?
12            MS. BARE:  The first I heard about any firearm was
13  when --
14            THE COURT:  It's in the indictment.
15            MS. BARE:  I'm sorry, Your Honor.  I may have
16  missed it.
17            (Pause)
18            THE COURT:  In the conspiracy charge, it's in
19  Paragraph 17, Page 6.
20            MS. BARE:  Your Honor, it does say in another
21  instance a conspirator in the vehicle made a firearm visible
22  to the mark.  That is the only indication that somebody in
23  this case -- it was allegedly had a firearm visible.  I have
24  not seen this come up before.  I don't -- it's not like
25  traditionally considered to be a firearm offense, and it's
```

1  difficult to tie that to any individual conspirator.  As far
2  as the actual crimes charged, they are not charged to have
3  been -- they are not charged as firearm offenses.  They are
4  charged as white-collar offenses.
5          THE COURT:  So the statute reads, "Any felony not
6  otherwise a crime of violence that," and it doesn't say is
7  charged.  It says, "That involves the possession or use of a
8  firearm, destructive device, or other dangerous weapon."
9  Why wouldn't that qualify?
10         MS. BARE:  It does read that way, and it is
11 difficult to determine.  Frankly, I'm concerned about how a
12 case involving this many co-conspirators, that the fact that
13 one person is alleged to have used a firearm at some point
14 can then carry over to all of the other individuals in the
15 conspiracy who may or may not have even known that event
16 occurred because there is nothing indicating what's
17 reasonably foreseeable in -- at the stage of the indictment.
18 So that is all the information we have, is that someone is
19 alleged to have had a firearm at some point in this offense.
20         If it is -- if it were not a fire -- an eligible
21 offense, there is simply no indication of a serious risk of
22 flight.  Mr. Thornton has no failures to appear that have
23 been adjudicated against him.  He does have prior
24 interactions with the judicial system.  Because of the way
25 they charged, it is likely 34 previous felony convictions,

```
 1   but it's not that many cases.  There is a series of counts
 2   within separate cases.
 3           THE COURT:  All right.  Has he been charged with
 4   failure to appear, contempt of court?
 5           MS. BARE:  He has one separate allegation that was
 6   dismissed.
 7           THE COURT:  When's that?
 8           MS. BARE:  I'm sorry, Your Honor?
 9           THE COURT:  When was that?
10           MS. BARE:  The (unintelligible) is not finished.  I
11   believe 2021 or 2022.  I would have to ask probation.
12           THE PROBATION OFFICER:  Your Honor, it was in 2023
13   of August.  (Inaudible ).
14           THE COURT:  Thank you.  Are there any contempt of
15   court charges?
16           THE PROBATION OFFICER:  No, Your Honor.
17           THE COURT:  Thank you.
18           MS. BARE:  There is also no serious risk of
19   obstruction of justice.  The government said that there was
20   perhaps a risk of obstruction of justice, but the standard
21   here is a serious risk, not just a theoretical one.  Because
22   of the nature of the crime and the fact that he's facing
23   serious consequences, these do not rise to the serious risk
24   of obstruction that is necessary under the statute.
25           Additionally, I'm not available Friday.  However,
```

```
 1   we can set it for Friday and follow up with Ms. Titus if the
 2   Court's amenable to that.  I reached out to both prosecutors
 3   on this case, and they were -- they are both just not
 4   available in the time right before court for me to find an
 5   additional date.
 6           THE COURT:  All right.  Ms. Capotosto, do you want
 7   to be heard further?
 8           MS. CAPOTOSTO:  No, Your Honor.
 9           THE COURT:  All right.  I'm going to -- I think
10   there is a sufficient basis to at least hold a hearing, and
11   based on 3142(f)(1)(E), given the allegation that's in the
12   indictment, and there are allegations also of the threat of
13   violence and at least there is a failure to appear charge
14   that's fairly recent for Mr. Thornton as well, though he has
15   not been convicted of it.  In fact, the charge was
16   dismissed.  So I will schedule this matter for a detention
17   hearing on Friday, September 5 at 2:00 p.m.
18           The Court is amenable to holding a hearing Friday
19   even if you're not available, Ms. Bare.  Both the U.S.
20   Attorney and the public offender have a number of attorneys
21   who are available, and if the Court -- or if the defendants
22   want this hearing on Friday, the Court will schedule and
23   hold it.
24           MS. BARE:  Yes, Your Honor.
25           THE COURT:  Thank you.  Mr. Davis, I'm going to
```

12

```
 1   also, for the same reasons, schedule a detention hearing in
 2   your case on September 5th at 2:00, and I'm entering an
 3   order directing that both of you be temporarily held in the
 4   custody of the U.S. Marshals.  They will bring you back to
 5   court on Friday afternoon for a hearing to decide whether
 6   you should be held in custody or released on bail pending
 7   further proceedings in your case.
 8           Mr. Davis, you will have the assistance of your
 9   attorney when you come back to court for that hearing on
10   Friday.  Do you understand?
11           DEFENDANT DAVIS:  Yes.  So no one gets to speak for
12   me today?
13           THE COURT:  No, sir.
14           I'm also going to enter an order pursuant to the
15   Due Process Protections Act pursuant to Rule 5(f) of the
16   rules of federal criminal procedure and remind the
17   government to disclose information, at least as to
18   Mr. Thornton, that is exculpatory and material to question
19   of guilt or punishment subject to sanction should that fail
20   to occur.
21           I will enter the same order for Mr. Davis once his
22   attorney has appeared in the case.
23           If there is nothing further, the defendants are
24   remanded to the custody of the U.S. Marshals.
25           MS. CAPOTOSTO:  Thank you, Your Honor.
```

JODY A. STEWART, Official Court Reporter

```
 1            (Hearing adjourned at 2:52 p.m.)
 2                         CERTIFICATION
 3
 4       I certify that the foregoing is a correct
 5  transcript, to the best of my ability, of the court's audio
 6  recording of proceedings in the above-entitled matter.
 7
 8         X_____/s/_____x
 9                    Jody A. Stewart
10             X_____9-12-2025 _____x
11                         Date
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

JODY A. STEWART, Official Court Reporter